■ PECONIC BAY BROADCASTING CORP., Appellant, v BOARD OF APPEALS, TOWN OF SOUTHAMPTON, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Town of Southampton denying petitioner's application for a special exception permit in order to construct a radio tower, petitioner appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated April 19, 1982, which denied the petition. Judgment affirmed, with costs. At issue is the propriety of an administrative determination denying petitioner's application for permission to construct a radio transmission tower on property situated in a CR-80 residential district. In accordance with section 69-6E (subd C, par [10]) of the Zoning Ordinance of the Town of Southampton, a public utility structure or right of way is permitted in a CR-80 zone by way of special exception permit. In all residential and business zones, a communication facility is prohibited. The ordinance contains no specific definitions of either a public utility structure or a communication facility. Where the local zoning ordinance authorizes a special use permit subject to administrative approval, the applicant bears the burden of showing that the subject use is one which is contemplated by the ordinance and which complies with any conditions that might have been imposed to minimize anticipated impact on the surrounding area (see *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244; *Matter of Carrol's Dev. Corp. v Gibson,* 73 AD2d 1050, 1051, affd 53 NY2d 813). After a public hearing, the respondent Board of Appeals of the Town of Southampton found that the subject matter of petitioner's application concerned a communication facility rather than a public utility. Categorizing a radio station as "an important segment of that information and entertainment group loosely known as the media", the board reasoned that "[t]he fact that the ordinance specifically refers to communication facilities sets up a special classification of such a use". The board expressed the following reasoning in support of its conclusions: "If this Board were to consider this request for a radio station to be a special exception under the public utility designation, it could not approve this request. The declaration of purpose outlined in Section 69-3 A, B, C, I and M would be defeated by such a use, as evidenced by the large number of

residents and landowners voicing objection to the request. The general standards of Section 69-23 cannot be satisfied, specifically Paragraph A, C, D, F, and J. The area is a prime residential area, one which is attracting investments in very sizeable dwellings and small estates. Introducing a commercial radio tower would be abhorrent, reducing real estate values and exacerbating the situation which has begun such devaluation through the presence of two large towers already. The residents of the Noyac area and the Town Board have already taken legal action to prevent the Suffolk County Police Department from erecting a radio tower in the Noyac area. The area is just wakening to development into conforming 80,000-square-foot lots under the ordinance. The present and future owners of such homesites deserve protection. Such orderly development will be beneficial to the area property owners and to the inhabitants of the entire Town. The proposed tower is so high that it could not be buffered and would be seen, due to its location for many miles around, and its required light would be seen at night." Petitioner furthermore failed to sustain the higher burden of proof required to achieve a use variance. There was no evidence of unnecessary hardship related to the land. This is not a situation whereby petitioner was denied *any* reasonable use of its property. Rather, the plot could be utilized for conforming uses without adversely affecting the character of the surrounding area. Moreover, in the Town of Southampton there were a number of industrial zones which could adequately accommodate petitioner's use as a matter of right. It is well settled that reviewing courts are not empowered to substitute their judgment or discretion for that of an administrative agency merely because they are of the opinion that a better solution could thereby be attained (*Matter of Robert's Running Creek Mobile Park v Landolfi,* 56 AD2d 933, 934, affd 44 NY2d 771). Where the record supports a board's determination for which there is a rational basis, the reviewing court should not interfere with that determination absent clear illegality (*Matter of North Ridge Enterprises v Town of Westfield,* 87 AD2d 985, 986, affd 57 NY2d 906). Accordingly, Special Term properly confirmed the board's determination. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.