■ In the Matter of CECELIA MARTIN, Appellant, v DOUGLAS H. WHITE, as New York City Personnel Director, et al., Respondents.—Judgment, Supreme Court, New York County (David Edwards, Jr., J.), entered July 20, 1990, which denied petitioner's application to annul and vacate respondents' determination disqualifying petitioner from her position as a police officer in the New York City Police Department, unanimously affirmed, without costs.

The IAS court properly found respondents' determination to disqualify the petitioner to be supported by a rational basis in the record. (See, Matter of Clancy-Cullen Stor. Co. v Board of Elections, 98 AD2d 635.) The evidence supports respondents' determination that petitioner intentionally omitted and falsified material facts respecting her resignation from the New York City Department of Correction on her application for employment with the New York City Police Department. Petitioner, while a probationary officer with the Correction Department, tested positive for cocaine. Faced with the option of either resigning or being terminated, petitioner resigned in a letter to the Commissioner of Correction, stating "personal reasons" as the basis for her resignation. Petitioner never challenged the positive drug test results and thereby waived her right to do so. Failure of the petitioner to inform the Police Department of the drug related reasons for her resignation, together with her disingenuous statements to the Police Department that she resigned from the Correction Department for "personal reasons" and "because [she] felt the Police Department [was] a better environment for [her]", justified the Police Department's disqualification of the petitioner. Concur —Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.