■ In the Matter of SCHETTINO SERVICE CORP., Appellant, v CHARLES E. HOLBROOK, as Supervisor of the Town of Clarkstown, et al., Respondents. [630 NYS2d 571] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Clarkstown, dated February 22, 1994, which, after a hearing, declined to award the petitioner a municipal contract for the collection and disposal of bulk refuse, the petitioner appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 13, 1994, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contentions, a fair reading of the bid specification in dispute indicates that the Town intended to continue its schedule in effect at the time bids were solicited for a five-year contract for the collection of bulk refuse. That schedule mandated that the monthly bulk refuse collection be performed over three consecutive days, usually the last Wednesday, Thursday, and Friday of the month. Because there existed a rational basis for the Town's determination that the petitioner could not comply with this requirement, and the plan submitted by the petitioner varied materially from the bid requirements, the disqualification of the petitioner was not

arbitrary or capricious, and will not be disturbed (see, CPLR 7803 [3]; Pell v Board of Educ., 34 NY2d 222; Matter of A & S Transp. Co. v County of Nassau, 154 AD2d 456, 459; Matter of Clancy-Cullen Stor. Co. v Board of Elections, 98 AD2d 635).

The petitioner's remaining contentions are without merit. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.