Matter of Lobban v New York State Dept. of Health Vital Records (2024 NY Slip Op 51606(U))

[*1]

Matter of Lobban v New York State Dept. of Health Vital Records

2024 NY Slip Op 51606(U)

Decided on November 22, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2024
Supreme Court, Kings County

In the Matter of the Application of Zena Harry Lobban, Petitioner,

against
New York State Department of Health Vital Records, Respondent.

Index No. 844/2024

Zena Harry Lobban, Brooklyn, petitioner pro se.
Letitia James, Attorney General, New York City (Jessica Preis of counsel), for New York State Department of Health.

Aaron D. Maslow, J.

The following papers were read on this petition: amended order to show cause, order to show cause, verified petition, Part 130 certification, certification of birth, request for judicial intervention, and affidavit of service.
Upon the foregoing papers, and having heard oral argument,
It is hereby ORDERED AND ADJUDGED that the within petition to add petitioner's father's name to her birth certificate is determined as follows.
This is another in a series of lawsuits which have come before the Court whereby pro se litigants have filed template forms provided by the Help Center, only to have their hopes dashed [*2]upon being informed that they did not adhere to procedural requirements.[FN1]

Petitioner was born in 1977, in Brooklyn, in the City of New York. Her mother's name appears on her birth certificate. There is no father's name. On October 10, 2024, she completed a template verified petition at the Help Center at Kings County Supreme Court, in which she wrote, "I would like to add my father[']s name on my birth certificate." She attached a copy of a certification of birth issued by the New York City Department of Health's Office of Vital Records, dated May 18, 1998. In completing the caption in the petition and likewise in the template order to show cause form she named as the respondent, "New York State Department of Health Vital Records." An affidavit of service indicated that the papers were served on the "Bureau of Vital Statistics Office of Vital Records in New York[,] 125 Worth Street #144[,] New York[,] NY 10013, United States." The Court notes that the New York City Department of Health and Mental Hygiene is located at 125 Worth Street, Room 144, New York, NY 10013.
At oral argument on November 22, 2024, an attorney from the Office of the New York State Attorney General appeared on behalf of respondent New York State Department of Health. She informed the Court that the said respondent was not served. This was not disputed by petitioner, who had caused the New York City Department of Health and Mental Hygiene to be served.[FN2]
 Petitioner argued that when she completed the template forms she was advised to name the New York State department as the respondent. She understood in court during oral argument, when it was explained to her, that she had sued the wrong government agency, but naturally was disappointed that her case would not be heard on the merits.
Requests to amend birth certificates regarding births in New York City must be addressed to the New York City Department of Health and Mental Hygiene:
Amending a Birth Certificate
If the birth occurred in New York City
The New York State Department of Health does not file and cannot issue copies of, or make changes to, New York City birth certificates. To correct a birth certificate for a birth that occurred in one of the five (5) boroughs of New York City (Manhattan - New York County, Brooklyn - Kings County, Queens, Bronx, and Staten Island - Richmond County), please visit the New York City Department of Health and Mental Hygiene web site.
Where to Write?
If the birth occurred in New York City any correspondence regarding an amendment to a birth record should be sent to:

 NYC Department of Health and Mental Hygiene
Corrections Unit

125 Worth Street, Room 144, CN-4
New York, NY 10013
If the birth occurred in New York State (outside of New York City) any correspondence regarding an amendment to a birth record should be sent to:
New York State Department of Health
Vital Records Amendment Unit
P.O. Box 2602
Albany, NY 12220-2602 (https://www.health.ny.gov/vital_records/amend_birth.htm [last accessed Nov. 22, 2024].)
As for the merits, the Court notes that nowhere did petitioner allege that any government agency had declined an application to amend her birth certificate. It is not asserted in the verified petition. One would need to first apply to the New York City Department of Health and Mental Hygiene. If they refuse to make the requested changes then one can commence a CPLR Article 78 special proceeding to compel the said government agency to do so. Article 78 proceedings are special proceedings in which one can sue a government agency to review a decision it has made.[FN3]
"For the most part, Article 78 proceedings are used to challenge action (or inaction) by agencies and officers of state and local government" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C7801:1).
It is fundamental that one first make a request to a government agency to take certain action before asking a court to intervene. The lack of a prior application to the New York City Department of Health was denied without prejudice in Matter of Malkiat G. v Department of Health Div. of Vital Records — Corrections (33 Misc 3d 1206[A], 2011 NY Slip Op 51791[U], *2 [Sup Ct, NY County 2011]):
Although this court did not receive any papers in opposition to petitioner's application, the request to amend Amandeep S.'s birth certificate is denied.
First, petitioner's application is deficient in that there is no indication he attempted to make the changes to Amandeep S.'s birth certificate by submitting a request to respondent prior to bringing the instant application. There is no allegation by petitioner that he submitted the "Birth Certificate Correction Application Form" annexed to his moving papers to the Department of Health and that his request to amend the birth [*3]certificate was denied. Therefore, the instant application is premature.
Nevertheless, the motion is denied for failure to submit sufficient documentation to support his request for the amendments to Amandeep S.'s birth certificate. New York City Health Code §207.01, states that "The Commissioner or the Commissioner's designee may approve the amendment of a birth... certificate... Every application shall be accompanied by supporting documentary evidence..."
Similarly, in Aspiroz v New York City Dept. of Health (2009 NY Slip Op 32628[U] [Sup Ct, NY County 2009]), cited above in footnote 2 in connection with serving the corporation counsel of the City of New York, the court denied the petition in part due to there having been no prior application to the city department for the relief sought:
Because the court lacks personal jurisdiction over the City's DOH, the branch of the petition seeking amendment of Oscar's birth certificate must be denied for that reason alone. However, even if the court . . . did have personal jurisdiction over DOH, the petition would still be denied. CPLR Article 78 provides that upon motion from a petitioner, a court may compel a state body or officer to perform a non-discretionary duty. Implicit in Article 78's framework, however, is the tenet that a party must first exhaust all his administrative remedies. (Community Sch. Bd. Nine v. Crew, 224 AD2d 8, 12 [1st Dept 1996]).
In this case, petitioner makes no allegations that he sought to amend the birth certificate by first asking the Department of Health and Mental Hygiene to do so. The DOH has established procedures concerning how to change a birth certificate. According to the provisions of the Rules of the City of New York pertaining to the DOH, a new birth certificate may be filed if the department receives notice "from the clerk of a court of competent jurisdiction, or proof is submitted of a judgment, order or decree" respecting the parentage of the child. (24 RCNY § 207.05[a][2]). Petitioner could have simply had submitted to DOH the order of the Family Court magistrate dismissing the child support action. If DOH had then refused to change the birth certificate, this Article 78 action would have been proper. Without any evidence that petitioner sought and was denied relief by DOH, it is premature to compel DOH to take any action.
The provisions of the New York City Health Code govern amendment of birth certificates:
§ 207.01. Correction of records; application and approval; accompanying documents.
(a) The Commissioner or the Commissioner's designee may approve the amendment of a birth, termination of pregnancy or death certificate, or of a confidential medical report of birth, spontaneous termination of pregnancy or death. Application shall be made on a form furnished by the Department. Application for amendment of a birth certificate may be made only by the person whose birth certificate is to be corrected if such person is 18 years of age or over, or by the parents or surviving parent of a child that is deceased, by the legal guardian of the person whose birth certificate is to be corrected, or by an agency in accordance with subdivision (e) of this section if such person is under 18 years of age. Application for amendment of a spontaneous termination of pregnancy shall be made by [*4]the parents or surviving parent. Application for amendment of a death certificate, or of a confidential medical report of death shall be made by the person in control of disposition as defined in Article 205 of this Code or by the person identified on the death certificate as providing the personal particulars pursuant to Article 205 of this Code.
(b) Every application shall be accompanied by supporting documentary evidence. An application for amendment of a birth certificate if made within one year of the date of birth, may be accompanied by a certificate of birth registration which, if the application is approved, shall be exchanged without charge for a new corrected certificate of birth registration except as provided in § 207.13(5)(f).
(c) No application shall be approved unless the Commissioner or the Commissioner's designee is satisfied that the evidence submitted shows the true facts and that an error or omission was made at the time of preparing and filing of the certificate or confidential medical report of death, or that the name of a person named in a birth certificate has been changed pursuant to court order.
(d) As used in this Title, 'vital record' shall mean any certificate or confidential medical report required to be filed with the Department pursuant to this Title, whether written or electronic.
(e) When a court of competent jurisdiction has remanded or placed a child to the care and custody of the Administration for Children's Services or an authorized government social services agency outside of the City of New York responsible for the welfare of a child, as determined by the department, such agency may make an application for correction of a first name when none or a placeholder was provided on the original birth certificate.
§ 207.03. Correction of records; method of amendment; adding missing information.
(a) Except as provided in § 207.05, when an application for amendment of a certificate is approved, a single line shall be drawn through the information subject to amendment, and the correct information shall be inserted immediately above it. The certificate shall be marked to show that it is amended, and the name of the person approving the amendment and the date thereof shall be noted on the certificate. When the name of a person is changed pursuant to court order, the new name shall be similarly inserted on the certificate together with a statement that the change of name is by court order and the date of the order. The Department may use an alternate method of recording corrections or other amendments to electronic vital records. The history of these electronic corrections or amendments shall be clearly recorded within the electronic certificate and confidential medical report by the Department.
(b) Within one year following the date of a birth, termination of pregnancy or death certificate, any missing information may be added upon submission of the information on a form furnished by the Department by the person who filed the certificate; provided that the Office of Chief Medical Examiner may submit missing or updated information at any time. Except for such submissions by the Office of Chief Medical Examiner, after one year following the date of event of a certificate, however, missing information shall be added only upon approval of an application for amendment in the manner specified in § 207.01.
§ 207.05. Correction of records; filing of new birth certificates.
(a) A new birth certificate shall be filed when:
(1) A father/parent's name is added upon submission of proof that the parents of a child [*5]were married at any time during the pregnancy or at the time of birth of such child; or,
(2) Notification is received by the Department from the clerk of a court of competent jurisdiction or proof is submitted of a judgment, order or decree relating to the parentage of the person; or,
(3) Notification is received by the Department from the clerk of a court of competent jurisdiction or proof is submitted of a judgment, order or decree relating to the adoption of the person. Every new birth certificate filed because of adoption shall bear a statement that it is filed pursuant to § 17-167 of the Administrative Code; or,
(4) The parents of a child have completed, signed and filed with the Department an acknowledgment of paternity form pursuant to New York State Public Health Law § 4135-b; or,
(5) (i) (A) A person who is at least 18 years old and named as the registrant on a birth record provides a notarized statement requesting that the sex designation on such birth record be changed to female, male, or X, to conform to the person's gender identity, where X signifies a sex designation that is not exclusively female nor exclusively male; or
(B) The living parents named on the birth certificate of a registrant who is less than 18 years old or the legal guardians of such registrant provide a notarized statement or statements requesting that the sex designation on such birth record be changed to female, male, or X, where X signifies a sex designation that is not exclusively female nor exclusively male.
(ii) If the request for a new birth certificate includes a name change, the person must also submit proof that his or her name has been changed pursuant to a court order.
(6) A request is made by either (i) a person who is at least 18 years old and named as the registrant on a birth certificate, or that person's legal representative or (ii) the parent or legal representative of a person under the age of eighteen and named as the registrant on a birth certificate to remove the name of the attending physician listed from the certificate, and the requester submits proof that that physician's license to practice medicine in the State of New York has been surrendered or revoked by the New York State Office of Professional Medical Conduct. Any issuance of this certificate subsequent to such request and submission shall not contain the identity of the attending physician.
(b) When a new birth certificate is filed pursuant to this section, the original birth certificate, the application for a new birth certificate and supporting documents shall be placed under physical or electronic seal, and such seal shall not be broken except by order of a court of competent jurisdiction. Thereafter, when a certified copy is requested of the certificate of birth of the person for whom a new certificate has been filed pursuant to the provisions of this section, a copy of the new certificate of birth shall be issued, except when an order of a court of competent jurisdiction requires the issuance of a copy of the original certificate of birth.
(c) A new birth certificate may be filed when an application for amendment is submitted by a person required to file such certificate within twelve months after the date of birth, or when the Commissioner or the Commissioner's designee finds it desirable by reason of the nature and extent of the amendments. In such a case, the original certificate of birth registration may be submitted with the application for amendment. (NYC Health Code §§ 207.01, 207.03, 207.05.)
Also, there are certain standards by which courts review determinations of government agencies:
It is a well-settled rule that judicial review of administrative determinations brought pursuant to Article 78 of the CPLR is limited to the grounds invoked by the agency (Matter of Aronsky v. Board of Educ., 75 NY2d 997 [1990] ). The decision of an administrative agency is entitled to deference by the courts (see, Samiento v. World Yacht Inc., 10 NY3d 70, 79 [2008] ["construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable,' should be upheld (see Chesterfield Assoc. v. NY State Dept. of Labor, 4 NY3d 597, 604, 830 N.E.2d 287, 797 N.Y.S.2d 389 [2005] ) ]"). Reviewing courts are "not empowered to substitute their own judgment or discretion for that of an administrative agency merely because they are of the opinion that a better solution could thereby be obtained." (Peconic Bay Broadcasting Corp. v. Board of App., 99 AD2d 773, 774 [2d Dept.1984] ). The court may only decide if the agency's determination can be supported on any reasonable basis (Matter of Clancy—Cullen Storage Co. v. Board of Elections of the City of NY, 98 AD2d 635, 636 [1st Dept 1983] ). The test of whether a decision is arbitrary or capricious is "determined largely by whether a particular action should have been taken or is justified ... and whether the administrative action is without foundation in fact.' " (Matter of Pell v. Board of Educ., 34 NY2d 222, 232 [1974] ), quoting 1 NY Jur., Admin. Law, § 184, p. 609). Once the court finds a rational basis exists for the determination, its review is ended (Matter of Sullivan County Harness Racing Assoc., Inc. v. Glasser, 30 NY2d 269, 277—278 [1972] ).
An Article 78 proceeding against a public body may be commenced only when a matter has been finally determined (CPLR 7801[1] ). CPLR 217(1) provides that an Article 78 proceeding must be commenced within four months of the date of the final determination (Carter v. State of New York, 95 NY2d 267, 270 [2000] ). An agency determination is deemed final "when the petitioner is aggrieved by the determination" (Biondo v. New York State Bd. of Parole, 60 NY2d 832, 834 [1983] ). If there is further administrative action that could be taken to prevent or ameliorate the harm, then commencement of an Article 78 proceeding would be premature (see, Church of St. Paul & St. Andrew v. Barwick, 67 NY2d 510, 520 [1986], cert denied 479 U.S. 985 [1986] ). (Birney v New York City Dept. of Health & Mental Hygiene, 34 Misc 3d 1243[A], 2012 NY Slip Op 50520[U], *5 [Sup Ct, NY County 2012].)
That means that not every request to a court to reverse a government agency's determination will be granted. It depends on the court's assessment of the determination through the filter of the standards of review.
There are certain standards which would have to be applied when reviewing an application to the New York City Department of Health and Mental Hygiene to amend a birth certificate. For example, the following was stated by the court in Application of Lopez (2012 NY Slip Op 30245(U) [Sup Ct, NY County 2012]):
However, the Court finds that Lopez fails to meet the statutory requirements to amend a birth certificate with respect to Items 8, 10 and 11 on the birth certificate. New York City [*6]Health Code Section 207.01 (c) provides that amendment would be warranted only if "the evidence submitted shows the true facts and that an error or omission was made at the time of preparing and filing of the certificate or confidential medical report of death, or that the name of a person named in a birth certificate has been changed pursuant to court order." Lopez fails to meet his burden of providing sufficient proof of "the true facts and that an error or omission was made at the time of preparing and filing of the WL 5 certificate" with respect to the father's information. As DOHMH properly notes, the Acknowledgment of Paternity Form was not filed with DOHMH and, in any event, an Acknowledgment of Paternity form is not proof of paternity, it is merely an acknowledgment of same. See Matter of Malkiat G. v Department of Health Div. of Vital Record-Corrections, 33 Misc 3d 1206A (Sup. Ct. NY Co., 2011). Lopez has not submitted other sufficient evidence to prove that Victor Lopez should be named as his father on his birth certificate. See generally Johnson v. New York City Dep't of Health, 257 AD2d 399 (1st Dept. 1999).
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131 [A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). That means that petitioner is required to articulate a basis in law for granting her the relief she seeks. The basis in law includes having first made the request to the appropriate government agency.
This Court has previously observed: "Apparently, since 'the Kings County Court Help Center is prohibited by law from giving legal advice and can not complete forms on your behalf' (https://ww2.nycourts.gov/courts/2jd/kings/civil/helpcenter.shtml [last accessed Sept. 14, 2024]), pro se plaintiffs are bypassing the CPLR's requirements concerning how to commence actions" (Park v DeJonge, 83 Misc 3d 1293[A], 2024 NY Slip Op 51274, *1 [Sup Ct, Kings County 2024]).
Also,
The prohibition against giving legal advice is also resulting in pro se litigants filling in blanks on template motion forms without complying with CPLR requirements. It appears that pro se litigants are under the impression that they can seek the totality of the relief requested in a complaint by filing a motion immediately after filing the complaint. (Some do not even file complaints.) This betrays a misunderstanding of the legal process whereby ultimate determinations might not be made on the underlying merits for several [*7]years until after discovery, filing of a note of issue, and a trial taking place.[[FN4]
] Even if pro se motions are to be construed as ones for summary judgment, the inarticulate nature of many submissions deprives the court of the ability to afford them due consideration. The frustrations of according pro se litigants due consideration of their positions was discussed in Chrysler Credit Corp. v Smith (157 Misc 2d 56 [Civ Ct, Kings County 1993]). (Moncion v Moncion, — Misc 3d —[A], 2024 NY Slip Op 51513[U] [Sup Ct, Kings County 2024].)
In the instant case, the pro se petitioner made several errors. First, she sued the wrong government department. Second, the papers were served on a government department different than the one she sued, albeit the one which should have been named as the respondent. Third, the papers were served by mail instead of "personal service," as the order to show cause directed. Fourth, petitioner failed to first seek relief from the correct government agency before commencing a lawsuit. These are errors which one could assume would not have been made by an attorney. The inability of court system employees to provide legal advice to pro se litigants who are handed template forms is understood. The employees dispensing the papers are not attorneys. 
This court has seen pro se lawsuits filed which clearly lacked merit. On the other hand, there have been those where a pro se litigant appears to have a dispute capable of being litigated but for the inability to comply with procedural requirements. Examples would be where disputes require a summons and complaint or summons with notice and the usual litigation process of discovery, ultimately leading to the filing of a note of issue and placement on the trial calendar. These types of cases will take years winding their way to a trial. Instead, these litigants are filing template motions, usually by order to show cause, without the predicate of a summons and complaint or summons with notice. These litigants do not understand that they simply cannot present their cause to the court and obtain an instant determination. Even a motion for preliminary relief, such as an injunction in many instances, still necessitates a summons and complaint or summons with notice.
Finally, there is the category of lawsuits where relief can be obtained by way of a special proceeding, either against an individual or a company, or against a government agency where an individual either seeks to reverse the agency's determination or compel a government agency to take certain action which has not even been requested yet (and where the potential lies to sue the wrong respondent). Of course, the government agency must have first made a decision in order to have it overturned. The instant proceeding lies within the ambit of this last category of pro se [*8]lawsuits. This court hopes that somewhere in the process, pro se litigants can be advised of certain fundamental procedural requirements without the court system breaching ethical proscriptions. This would include, informing a pro se litigant whether a dispute is one which can be properly adjudicated in a special proceeding or in an action, the latter requiring a summons and complaint or summons with notice.[FN5]

To recapitulate, the instant special proceeding must be dismissed for several reasons: (1) Lack of personal jurisdiction. The respondent sued herein, "New York State Department of Health Vital Records," was not served with the papers commencing this proceeding. In addition, service was via mail and not by "personal service." (2) Lack of necessary party. It is the New York City Department of Health and Mental Hygiene which is charged with effectuating amendments to birth certificates for those born in New York City. (3) Failure to state a cause of action. Petitioner has not demonstrated that an application to make an amendment to a birth certificate was denied.
Accordingly, it is hereby ORDERED and ADJUDGED that the within petition of Zena Harry Lobban, residing at 456 Schenectady Avenue, Brooklyn, NY 11203, against New York State Department of Health Vital Records, with an address of Corning Tower, Empire State Plaza, Albany, NY 11237, is DENIED, and the special proceeding is dismissed. Respondent New York State Department of Health Vital Records shall have judgment to that effect.
If an application to amend is made to the New York City Department of Health and Mental Hygiene and it rejects the application, then Petitioner may commence a new Article 78 special proceeding to review the determination of said department.

Footnotes

Footnote 1:This decision is longer that it otherwise would have taken to discuss the issues raised by the jurisdictional and procedural infirmities in petitioner's lawsuit. The reason is so that the infirmities can be explained in sufficient detail for the benefit of petitioner's understanding.

Footnote 2:The papers herein were served on the New York City Department of Health and Mental Hygiene by mail, in contravention of the order to show's directive that service be "personal." Service of an order to show cause and supporting papers is jurisdictional, and the failure to perform service in accordance with the order to show cause's directive for service deprives the court of jurisdiction to entertain the petition for relief (see Matter of Owens v New York State Dept. of Social Servs., 197 AD2d 414 [1st Dept 1993]; Matter of Bruno v Ackerson, 51 AD2d 1051 [2d Dept], affd 39 NY2d 718 [1976]). "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: . . . 2. upon the city of New York, to the corporation counsel or to any person designated to receive process in a writing filed in the office of the clerk of New York county" (CPLR 311 [a] [2]). "Here, petitioner simply mailed the petition to the New York City Department of Health and Mental Hygiene, and not the Corporation Counsel of the City of New York. Failure to serve corporation counsel deprives the court of jurisdiction." (Aspiroz v New York City Dept. of Health, 2009 NY Slip Op 32628[U] [Sup Ct, NY County 2009].)

Footnote 3:Petitioner did not cite the statutory authority for commencing this special proceeding.

Footnote 4:The issues in dispute in Moncion v Moncion were such that an action needed to be commenced. Resolution of the dispute would probably have taken several years. By contrast, special proceedings are designed to be expeditiously resolved. An Article 78 special proceeding to review a government action would probably result in a decision being issued no later than several months after both sides' papers have been submitted. "The speed and economy with which Article 78 proceedings are decided can be beneficial for all affected parties. . . . Not so beneficial for the petitioner, however, is the four-month statute of limitations that applies to most such proceedings." (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C7801:1.)

Footnote 5:The CPLR was amended to provide for limited scope appearances (see CPLR 321 [d]), but such an appearance contemplates assistance provided to a party during an aspect of litigation. It would benefit pro se parties if they had such assistance. However, in the absence of a formal limited scope appearance, what pro se parties need is legal assistance in choosing which available template forms should be used, completing them with sufficient information, and apprising them of the anticipated course of the litigation being undertaken. Perhaps the Rules of Professional Conduct and governing statutes could be amended so that at the Help Center such legal assistance could be provided by volunteer attorneys or third-year law students without any potential liability for claimed malpractice.