## Matter of Brown-Alleyne v New York City Hous. Auth.

2026 NY Slip Op 30804(U)

March 4, 2026

Supreme Court, Kings County

Docket Number: Index No, 529535/2025

Judge: Lisa Lewis

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At City Part 20 of the Supreme Court of the State
State of New York, held in and for the County of
Kings, at the Courthouse, located at Civic Center,
Borough of Brooklyn, City and State of New York,
on the 4th day of March, 2026

PRESENT :
HON. LISA LEWIS
                                        Justice

In the Matter of the Application of
MAKEBA BROWN-ALLEYNE,                          Cal No. 7 & 8

                              Petitioner,       Index No.: 529535/2025
                -against-
                                                **DECISION AND ORDER**

NEW YORK CITY HOUSING AUTHORITY,               Motion Seq. 1 & 2
HOPE GARDENS, LLC, HOPE GARDENS I, LLC,
PINNACLE MANAGEMENT, WAVECREST
MANAGEMENT,
                              Respondents.

The following papers numbered 1 to   read herein        Papers Numbered

Notice of Motion/Order to Show Cause/
and Affidavits (Affirmations) Annexed                   1-5, 8-11, 14
Cross Motion and Affidavits (Affirmation) Annexed       _____
Answers/Opposing Affidavits (Affirmations)              16-33
Reply Affidavits (Affirmations)                         _____
Other Papers                                            _____

In this Article 78 proceeding, petitioner seeks to vacate and annul the June 20, 2025,

determination of respondent, New York City Housing Authority ("NYCHA") (Seq. 1) and moves

by order to show cause for preliminary injunction (Seq. 2). For the reasons which follow, the

petition and order to show cause are denied.

Petitioner, Makeba Brown-Alleyne, seeks to succeed as a remaining family member to a

lease for the public housing apartment previously leased to her deceased mother, Adrianna Alleyne

("Adrianna"). Adrianna was the tenant of record at 28 Palmetto Street, Brooklyn, New York

[* 1]                               1 of 4

11221. Petitioner asserts that she moved in with the tenant in 2014 to care for her due to her declining health. Adrianna never listed petitioner as an occupant. The Court notes that on all the public housing affidavits of income, annual recertification, lease addendum, rent notices and family composition, she listed herself as the sole occupant of the subject apartment. By letter dated July 18, 2019, NYCHA notified Adrianna that the apartment had converted from public housing to a housing choice voucher (Section 8) program. On September 2, 2019, Adrianna passed away. In 2019, the respondent Hope Gardens, LLC commenced a holdover proceeding in Kings County Housing Court and an eviction notice was issued.

**PARTIES' CONTENTIONS**

**Petitioner's Argument**

In support of her petition, petitioner avers that she was unaware of the conversion documentation requirements. Petitioner states that on October 18, 2021, she retained counsel and submitted an application to succeed under the PACT Transition Program. However, the Housing Authority did not receive the application until May 29, 2025. Petitioner asserts that correspondence between herself and respondent show that in October 2021 NYCHA was aware of her application and reviewing it. On June 20, 2025, petitioner's NYCHA PACT Transition Pilot Program application was denied. Petitioner contends she should be awarded succession rights because she would be homeless if evicted. Petitioner also argues the respondent's determination failed to consider the circumstances, including hardship, lack of notice and the tenant, Adrianna, could not make the request to add petitioner to the household or enter into a lease in 2019 due to her deteriorating health.

**Respondent's Opposition**

In opposition, respondent argues that the findings and conclusions of the Housing Authority were rational. Further, respondent argues petitioner was ineligible for succession rights because she never received permission to join the household prior to the tenant's death. Respondent's point to the affidavits of income which list the tenant as the sole occupant of the apartment. In addition, respondent argues that petitioner was ineligible for succession rights under the PACT Pilot Program because the tenant of record died after the PACT conversion. Respondent asserts petitioner's arguments are meritless because as an unauthorized occupant at the time of the tenant's death, petitioner would fail to satisfy the succession requirements.

## LEGAL DISCUSSION

It is well settled that the judicial review of an administrative determination is limited to whether the determination was arbitrary and capricious and whether it has a "rational basis" (*Matter of Pell v Board of Education*, 34 NY2d 222 [1974]). The test of whether a decision is arbitrary or capricious is "determined largely by whether a particular action should have been taken or is justified . . . and whether administrative action is without foundation in fact" (*id* at 232). Courts are "not empowered to substitute their own judgment or discretion for that of an administrative agency merely because they are of the opinion that a better solution could thereby be obtained" (*Peconic Bay Broadcasting Corp. v Board of Appeals*, 99 AD2d 773, 774 [2d Dept 1984]). The scope of review does not include "any discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed by the [Housing] Authority" (*Featherstone v Franco*, 95 AY2d 550, 554 [2000]).

Here, contrary to petitioner's contention, the final determination is not arbitrary or capricious. The record supports the finding that petitioner was not an authorized occupant. Further,

3

[* 3]

petitioner's contention that respondent was aware of her application in October 2021 is unavailing as the tenant had passed away two years earlier. Thus, the court must deny the petition and sustain the final determination.

The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.

Accordingly, it is hereby

**ORDERED** that the petition (Seq. 1) and order to show cause (Seq. 2) are denied in its entirety, and the proceeding is dismissed; and it is further

**ORDERED** that any stay from this court of the Kings County Civil Court proceeding entitled *Hope Gardens I, LLC v Brown*, bearing index number LT-05688-20/KI (Civ. Ct., Kings County) shall be lifted 15 days after the date of entry of this order.

This constitutes the decision and order of the court.

E N T E R

_____

J. S. C.

Hon. Lisa Lewis

[* 4]